## UNITED STATES ex rel. Elvin PLATTS
v.
### David N. MYERS.
Misc. No. 3208.

United States District Court
E. D. Pennsylvania.
April 14, 1966.

---

ten to twenty years in prison. Having exhausted his state remedies pursuant to § 28 U.S.C. § 2254, he now petitions this court for a Writ of Habeas Corpus on several grounds, all but one of which are devoid of merit and need not be discussed. The one remaining contention is the alleged denial of his right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

The petitioner and two confederates were arrested for committing a robbery in a store in Delaware County, Pennsylvania. Although his accomplices pleaded guilty, the petitioner entered a plea of not guilty. His case went to trial, and two of the important witnesses for the prosecution were the relator's confederates who were not to be sentenced until after they had testified. At the conclusion of the Commonwealth's case and after a conversation with his attorney, the relator changed his plea to guilty and was subsequently sentenced to prison.

The petitioner's attorney was a voluntary defender who had been appointed not only to represent him but also his two confederates. There is no evidence whatsoever that he intelligently or knowledgeably consented to this arrangement.

The question presented therefore is whether this attorney was representing a conflict of interest in violation of the relator's right to counsel by simultaneously serving as the attorney for the two accomplices who had pleaded guilty, were prime Commonwealth witnesses, and whose sentences were not to be imposed until after they had testified against him, when the relator pleaded not guilty and had not given his knowledgeable consent to be represented by the same attorney who was serving the two accomplices.

■ The testimony of the two confederates clearly implicated the relator, but the relator's plea of not guilty clearly indicated his contention that he was not involved in the robbery. The lawyer was thus in a very awkward position. On the one hand his job was to present the best possible case for the petitioner, and this

Edward K. Nichols, Jr., Philadelphia, Pa., for relator.

Vram Nedurion, Jr., Asst. Dist. Atty., of Delaware County, Pa., for respondent.

DAVIS, District Judge.

The relator, a state prisoner, was convicted of robbery and was sentenced to

involved the impeachment of his other two clients who were witnesses for the Commonwealth. On the other hand, he also had the task of protecting them. Since the Court had deferred their sentencing until after petitioner's trial, it seems obvious that the severity of their sentences depended in large measure on their testimony against the relator and their general cooperation with the prosecution. If the attorney had succeeded in impeaching these two witnesses for the relator's benefit, he would have destroyed the effectiveness of their testimony and thus vitiated the very factor that would have weighed heavily in their favor when they came up for sentencing. No attorney could have effectively advocated both these positions simultaneously.

In Porter v. United States, 298 F.2d 461 (5th Cir.1962) where a lawyer represented both the accused and a police officer who was connected with the case, the Court stated:

"The Constitution assures a defendant effective representation by counsel whether the attorney is one of his choosing or court-appointed. Such representation is lacking, however, if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable—are hobbled or fettered or restrained by commitments to others."

■■ The right to counsel is a fundamental right guaranteed by the Constitution of the United States. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). It requires more than the mere entry of an appearance by an attorney in behalf of the accused; it requires nothing less than the undivided loyalty of counsel in behalf of his client.

United States v. Glasser, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Randazzo v. United States, 339 F.2d 79 (5th Cir.1964); Peek v. United States, 321 F.2d 934 (9th Cir.1963), cert. denied 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964); United States. v. Bentvena, 319 F.2d 916 (2nd Cir.1963), cert. denied sub nom., Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); United States ex rel. Watson v. Myers, 250 F.Supp. 292, E.D.Pa., February 4, 1966; Cf. Tucker v. United States, 235 F.2d 238 (9th Cir.1956).

■ Whether or not prejudice existed, it is sufficient to constitute a violation of the relator's constitutional rights if the lawyer is serving conflicting interests. Goodson v. Peyton, 351 F.2d 905, 908 (4th Cir.1965). See Gideon v. Wainright, supra; United States v. Glasser, supra. We find such a conflict here.

The reliance of District Attorney of Delaware County on United States v. Langston, 194 F.Supp. 891 (W.D.Pa. 1961) is inapposite. There, the two defendants, who were represented by the same attorneys, had initially entered pleas of guilty, and the court held that those facts without more did not constitute a conflict of interest.

Under the circumstances of case at bar we can reach no other conclusion but that the relator was deprived of the effective assistance of counsel under the Sixth and Fourteenth Amendments to the Constitution of the United States.

### ORDER

And now, this 14th day of April 1966, it is hereby Ordered that the Relator be released from custody within ninety (90) days unless during that time he is retried with the effective assistance of counsel by the Court of Oyer and Terminer and General Jail Delivery of Delaware County, Pennsylvania.