[No. 39816.    Department Two.    November 2, 1967.]

THE STATE OF WASHINGTON, *Respondent,* v. CECIL ANDREW PINKERTON, *Petitioner,* BLAINE HOPP, JR., *Judge of the Superior Court for Yakima County, Respondent.*\*

*Cecil Andrew Pinkerton,* pro se.

*Lincoln E. Shropshire* and *Donald R. Shaw,* for respondent.

PER CURIAM.—This case comes before us on the application of petitioner, an indigent, criminal defendant, for a writ of mandamus to direct the trial court to appoint counsel to represent him in an appeal. An indigent, criminal defendant seeking appellate review of a judgment and sentence for a serious crime is entitled to counsel appointed at public expense *Douglas v. California,* 372 U.S. 353, 9 L. Ed. 2d 811, 83 Sup. Ct. 814 (1963). The question here is whether petitioner waived that right.

On December 20, 1965, the trial court entered an order denying petitioner's motions for judgment n.o.v. and in the alternative for a new trial. During the hearing on these motions the petitioner indicated dissatisfaction with his court-appointed trial counsel for the reason that he had allegedly told petitioner he did not believe there were good grounds for an appeal. Petitioner requested that he be represented by different counsel for his appeal, and on June 1, 1966, the trial court granted petitioner's request.

The second court-appointed counsel was allowed to withdraw on September 15, 1966, as a result of a conflict with

\*Reported in 433 P.2d 215.

petitioner over procedural matters. In authorizing the withdrawal, the trial court commented that petitioner had contributed greatly to the cause of the conflict by sending a letter to his counsel threatening to join him in a civil action for damages which he had instituted against the trial judge, the prosecutor, and his first court-appointed counsel. Although the trial judge indicated he was reluctant, under the circumstances, to appoint a third counsel to represent petitioner, he did so on the same day the second court-appointed counsel was authorized to withdraw.

On January 3, 1967, petitioner moved for replacement of his third counsel on grounds of alleged incompetency. At the hearing on this motion, the trial court advised petitioner that his former attorneys and present counsel were all reputable, responsible and competent members of the Bar; that petitioner's action in successfully seeking replacements was detrimental to his appellate rights, and that his motion to dismiss his present counsel would be denied unless he was prepared to proceed without counsel. Upon petitioner's insistence that his third court-appointed counsel be dismissed, the trial court authorized counsel to withdraw on the condition that counsel file an opening brief in the appeal. On February 2, 1967, the third counsel filed an opening brief, and petitioner on March 16, 1967, filed a supplemental brief pro se.

We are satisfied from the above chain of circumstances, and the apparent desire of petitioner to conduct his own appeal without assistance of counsel, that petitioner has voluntarily waived his right to counsel.

The application for a writ of mandamus is denied.

---

December 6, 1967. Petition for rehearing denied.