[No. 39786.     Department Two.     October 3, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. ROLLIE E.
JOHNSON, *Appellant.*\*

\*Reported in 445 P.2d 726.

*Norman W. Cohen,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Paul M. Acheson,* for respondent.

NEILL, J.—Defendant Rollie E. Johnson appeals from his conviction of taking and riding in a stolen automobile in violation of RCW 9.54.020.[1] His assignments of error are that he was denied counsel and that the trial court commented on the evidence.

Defendant and one Ira Trimble are jointly charged but, for convenience, Mr. Johnson will be referred to as the defendant. Mr. Trimble pleaded guilty and sentence was deferred on condition he serve 4 months in the county jail. Subsequently, the prosecutor questioned Mr. Trimble as to defendant's participation in the events which culminated in the charge against both defendants. Mr. Trimble testified against defendant.

The facts leading to defendant's arrest need not be set forth as none of the issues on this appeal are related thereto. However, a brief chronology of the post-arrest proceedings will illuminate the issue of whether defendant was denied his constitutional right to effective counsel at a critical stage of the proceedings.

Defendant and Mr. Trimble were arrested on the night of February 17, 1966. At 4 a.m., February 18th, defendant telephoned his attorney. A complaint was filed February 21, 1967. Both defendants were taken before the Seattle District Justice Court on February 23rd where they were fully and adequately advised of their constitutional rights,

---

[1] RCW 9.54.020 provides: "Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, whether propelled by steam, electricity or internal combustion engine, the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of a felony."

including the right to appointed counsel. Mr. Trimble requested that counsel be appointed for him, but defendant told the court that he had an attorney. At a preliminary hearing on March 9th both defendants pleaded not guilty. Mr. Trimble was represented by counsel at this hearing but defendant was not. At this hearing, the court asked defendant where his attorney was. Defendant replied that he was still attempting to employ counsel, but was having trouble contacting him. In neither instance did defendant ask for appointed counsel nor suggest to the court that he did not have funds with which to employ counsel.

March 16th, defendants were bound over to superior court, again with only Mr. Trimble being represented by counsel. An information was filed March 17th. March 22nd, an attorney (Mr. Christensen) was appointed to represent both defendants. Defendants were arraigned on March 27th, at which time both pleaded not guilty. April 5th, a motion for dismissal on the ground that defendant had been denied counsel at a critical stage of the proceedings was made on behalf of Mr. Johnson. The motion was stricken from the docket and no pretrial ruling was made thereon.

Sometime between March 27th and April 12th, Mr. Trimble entered a plea of guilty. April 14th, Mr. Trimble was given the deferred sentence. April 17th, the court approved the withdrawal of the attorney who had been representing both defendants and a second attorney was appointed to represent defendant. April 21st, the second attorney withdrew and the court appointed a third attorney to represent defendant. Trial was held on April 25th.

Defendant contends that he was denied counsel at critical stages of the proceedings prior to March 22nd, and that appointment of one attorney for both defendants constituted denial of effective counsel. The record does not support this contention.

Defendant was interviewed in jail by five different attorneys on 13 separate occasions between February 29th and April 21st. He was in contact with an attorney of his own choice on the night of his arrest. He pleaded not guilty at

the preliminary hearing; nothing that occurred at the preliminary hearing became in any way material in the superior court trial; no confessions, admissions or incriminating statements were elicited prior to appointment of counsel.

As it is clear that any absence of counsel prior to superior court arraignment was by the election and choice of defendant, there was no denial of counsel and we do not reach the question raised by him that he was prejudiced by lack of counsel at a critical stage of the proceedings. See *State v. Louie*, 68 Wn.2d 304, 413 P.2d 7 (1966), for discussion of similar factual arguments regarding witnesses as are raised here.

Defendant next contends that the court erred in appointing one attorney to represent both codefendants. He argues that such action deprived him of the effective assistance of counsel. Eleven days after Mr. Christensen was appointed to represent both defendants, Mr. Trimble pleaded guilty. Mr. Trimble's sentence was deferred, at which time Mr. Christensen was still representing both defendants. Thereafter, the prosecutor questioned Mr. Trimble in order to secure testimony to be used against defendant. Defendant argues that Mr. Christensen's appointment to represent both defendants, under the facts of the case, constituted a conflict between the interests of each defendant. To represent Mr. Trimble, the attorney would have to confirm his story and urge cooperation with the prosecutor; to represent defendant, the attorney would have to impeach Mr. Trimble's story.

We have consistently held that the test to be applied in determining whether a defendant has been denied the effective assistance of counsel is: "After considering the *entire record*, can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial?" *State v. Thomas*, 71 Wn.2d 470, 471, 429 P.2d 231 (1967). A review of the record here indicates that this question should be answered in the affirmative. Although Mr. Christensen was originally appointed to represent both defendants, he did not represent defendant Johnson during

the trial. Three days after the sentencing of Mr. Trimble, Mr. Christensen withdrew from the case. Mr. Trimble was not questioned by the prosecutor with regard to his testifying at defendant's trial until after he (Trimble) had been sentenced. Defendant was represented at trial by a third appointed attorney who had no connection with codefendant. The initial appointment of Mr. Christensen to represent both defendants did not deny defendant Johnson the effective assistance of counsel.

The cases relied on by defendant to support his position, *Glasser v. United States*, 315 U.S. 60, 86 L. Ed. 680, 62 Sup. Ct. 457 (1942), and *United States v. Myers*, 253 F. Supp. 23 (E.D. Pa. 1966), may be distinguished from the case at bar. In *Glasser*, the attorney who had been retained by defendant Glasser was appointed by the court, over Glasser's objections, to represent a codefendant. This attorney did in fact represent both defendants during the trial. Here, only one of the codefendants went to trial and the attorney who conducted his defense was representing only the defendant. In *Myers*, the same attorney was appointed to represent three codefendants, two of whom pleaded guilty and one not guilty. The same attorney then represented the defendant who had pleaded not guilty during the trial of the case, which was held prior to the sentencing of the codefendants and during which both codefendants testified for the prosecution. In the case at bar, the attorney who was originally appointed to represent both defendants was not the attorney who represented defendant at trial and codefendant Trimble was not called to testify for the state until after judgment and sentence had been rendered as to him.

Defendant next contends that his constitutional right to the effective assistance of counsel was violated by the court's allowing his second appointed counsel to withdraw only 4 days before trial; appointing a new attorney only 4 days before trial; and refusing to continue the case. Defendant cites *Powell v. Alabama*, 287 U.S. 45, 77 L. Ed. 158, 53 Sup. Ct. 55 (1932), for the proposition that the right to assistance of counsel guaranteed by our state and federal

constitutions means the effective assistance of counsel. He also cites *State v. Hartwig*, 36 Wn.2d 598, 219 P.2d 564 (1950), for the propositions: (1) that the court's duty to appoint counsel for an indigent defendant is not discharged where the circumstances surrounding the appointment preclude the giving of effective aid in the preparation and trial of the case; and (2) that when the brevity of time between appointment and trial renders trial counsel unable to perform the most rudimentary preparatory tasks, such tardy appointment, coupled with a refusal to continue the case, constitutes a violation of the constitutional right to effective assistance of counsel.

The two cases do support the propositions for which they are cited. However, the facts here do not establish that those holdings were violated. Although a defendant has the right to have counsel appointed to represent him upon a showing of indigency, the defendant need not accept appointed counsel and may, if he so desires, handle the trial of the case himself. Furthermore, an accused may not refuse to cooperate with his appointed attorney and by his actions deliberately prevent the attorney from rendering effective assistance and then, upon conviction, appeal on the grounds that he had been denied his right to effective legal representation. See *State v. Pinkerton*, 72 Wn.2d 420, 433 P.2d 215 (1967). The delay in appointment of counsel for defendant was the result of his repeatedly telling the court that he was retaining his own attorney and did not need appointed counsel. The withdrawal of counsel 4 days before the trial was the result of defendant's refusal to accept the attorney's advice and his groundless accusations that the attorney was in a conspiracy with the prosecuting attorney's office. At the time counsel was permitted to withdraw, defendant again told the court that he wanted to retain his own attorney and did not want appointed counsel. The court nevertheless appointed another attorney for him. If defendant's legal representation at his trial was less than effective, and the record does not so indicate, he has only himself to blame. His decisions were voluntarily made with full knowledge of his rights. Neither the prosecutor

nor the court violated or infringed upon his right to the effective assistance of counsel.

At the time defendant's third attorney was appointed, defendant was still demurring to the use of appointed counsel. The court told him,

Well, it is up to you, Mr. Johnson. I will appoint counsel for you now, but whatever has happened, you are going to trial Monday with or without counsel. That is up to you. If you want me to appoint counsel for you I will do so, but I am not going to give you a continuance on Monday, because you haven't gotten anybody.

Following a recess during which defendant apparently made a telephone call, but still had not secured counsel, the court was advised that Mr. Keil was willing to represent defendant and that a Tuesday trial was satisfactory. Accordingly, such appointment was made and the trial commenced the following Tuesday. No motion was made for continuance. The statements by the court as quoted related to the issue of appointment of counsel and not to a prejudging of a motion for continuance which counsel might later make. We cannot construe this as a denial of a continuance which was not sought.

Defendant finally contends that the court made a prejudicial comment on the evidence in contravention of Const. art. 4, § 16. The relevant portion of the trial proceedings is short (cross-examination of Mr. Trimble):

Q. Well, you have indicated to us that both you and Mr. Johnson consumed between each of you half a fifth of sloe gin and then had a considerable amount of beer from 6:00 o'clock to the time you went to pick up this automobile. Now, can you state with certainty that Mr. Johnson knew that you had no right to use this automobile? A. I—Q. You cannot? A. I don't know. The Court: Have you answered the question? The Witness: Yes. Mr. Keil: Yes, he did, your Honor. He said he could not. The Court: Mr. Reporter, will you read whatever answer you have from the witness and not from counsel. (Last answer read by the Reporter.) The Court: Counsel interrupted and the witness didn't answer. Read back the question and give the witness a chance to answer, please. (Last question read by the Reporter.) The Court: You may answer. A. Yes.

Defendant argues that a comment on the evidence arises whenever the court by word or action expresses a belief or disbelief as to the truthfulness or accuracy of relevant testimony; the court clearly evidenced its disbelief of Mr. Trimble's original negative response to counsel's question; that the court then set about to change the testimony; and in fact succeeded in doing so.

This was simply a situation in which the examining attorney asks a question and then interrupts the witness before he is able to answer and then answers his own question. This is certainly one way for an attorney to insure that a witness' testimony is favorable, but it is not a method which is permissible in a judicial proceeding which seeks to discover the facts as they really are and not as the attorney might wish them to be. Canon of Judicial Ethics 15 provides in part that "A judge may properly intervene in a trial of a case . . . to clear up some obscurity . . . ." The court not only had the right, but also the duty, to allow the witness an opportunity to answer the question asked of him without having the examining attorney attempt to answer his own question.

Finding no error, the judgment is affirmed.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.