[No. 61-40438-1.    Division One.    October 15, 1969.]
Panel 1

NATIONAL ELECTRICAL CONTRACTORS ASSOCIATION, PUGET SOUND CHAPTER *et al., Appellants,* v. THE CITY OF BELLEVUE *et al., Respondents.*

*Ferguson & Burdell* and *G. E. Craig Doupe,* for appellants.

*Joseph S. Miller,* for respondents.

FARRIS, J.—In 1966, the City of Bellevue (hereinafter called the City) determined to install several traffic control installations. No firm schedule was set, the installations to be completed at the discretion of the City.

The plaintiff, National Electrical Contractors Association, Puget Sound Chapter, (hereinafter called the Association) insisted that the various installations could not be done without the City first calling for public bids. This action was commenced to enjoin the City from proceeding without public bids.

At issue is the operation of RCW 35.23.352:

> Any city or town of the second, third or fourth class may construct any public work or improvement by contract or day labor without calling for bids therefor whenever the estimated cost of such work or improvement, including cost of materials, supplies and equipment will not exceed the sum of five thousand dollars. Whenever the cost . . . will exceed five thousand dollars, the same shall be done by contract. All such contracts shall be let at public bidding . . .

All parties agree that the issue is whether a third class city can, under RCW 35.23.352, separate work and material in determining whether an improvement exceeds the cost of $5,000.

The essential facts are not in dispute. The total cost of each traffic control installation (including the cost of material and labor) exceeds $5,000. As to one intersection now complete, the following took place:

In 1967, the City purchased signal control
equipment without taking bids............$2,327.13

In 1967, the City purchased additional
equipment with bids..................... 1,746.00

In 1968, the City negotiated with a
contractor to install the equipment......... 2,434.85

In 1968, the City used its own personnel
to complete the installation................. 565.15

Thus the total cost of the intersection was:    $7,073.13

Upon these facts, the trial court entered judgment in favor of the City making the following conclusion of law:

That the defendant City of Bellevue was not required to call for bids for the installation and labor to be used in 1968 for the installation of said traffic control devices, the total cost of such being less than $5,000.00.

The Association contends that the trial court erred in making its conclusion of law. It is contended that the language of the statute is explicit and mandatory and that it is undisputed that the total cost of each traffic control installation exceeds $5,000. In response, the City maintains that the statute allows it to acquire material in one year under one contract and install the equipment in another year under a separate contract. The City would treat each as a separate improvement in applying the statute.

■ In approaching this question we are committed to follow the well-established rule of construction that where a statute is plain, unambiguous and clear on its face there is no room for construction. *King County v. Seattle,* 70 Wn.2d 988, 425 P.2d 887 (1967). Here the usual and ordinary meaning of the language leaves no doubt that where the total cost of an improvement including materials, supplies and equipment exceeds $5,000, there must be a public bid.

The City contends that an "improvement" may be divisible into several contracts under certain circumstances. It is argued that where equipment is acquired in one year and

not installed until the next, it is unrealistic to require public bids. We do not agree.

■ A public project, for the purpose of applying RCW 35.23.352, is not divisible into cost of materials, equipment and labor, but is necessarily whole by the terms of the statute. The phrase "improvement, including cost of materials, supplies and equipment" leaves no room for construction. (Compare the school district purchasing statute RCW 28.58.135 considered by the Washington Supreme Court in *National Elec. Contractors Ass'n, Puget Sound Chapter v. Seattle School Dist. 1,* 66 Wn.2d 14, 400 P.2d 778 (1965) where the disjunctive language of the statute allowed the separation of the contract for purchase and the contract for installation.)

We do not find that the language of the statute prevents the City from completing an improvement phase by phase, if for reasons of budget or otherwise the City desires not to complete an entire project at once. However, the statute does require that the City put each phase out for public bid where the total estimated cost of an improvement *exceeds* $5,000.

A final question for our determination is whether a city may decline to put any phase of an improvement up for public bid and do the work with its own personnel. This statute was enacted to effect the sound public policy that by competitive bidding, the public may receive the greatest benefit for the least expenditure. *Reiter v. Chapman,* 177 Wash. 392, 31 P.2d 1005, 92 A.L.R. 828 (1934). The city council is empowered by the statute to reject all bids

> if in its judgment the improvement . . . can be done by the city at less cost than the lowest bid submitted . . .

RCW 35.23.352. The City may then do the job itself. This provision of the statute bolsters our conclusion that the statute means what it says and that *whenever* the total cost exceeds $5,000 public bids must be called for. Therefore, even when the City would do a phase of the job with its

own personnel, it must first call for public bids on that phase and reject the bids only if it can do the job at a lower cost than the lowest bid submitted.

The judgment is reversed, and the case remanded with instructions to enjoin the City of Bellevue from proceeding with the planned traffic control installations except in a manner consistent with this opinion.

JAMES, C. J., and SWANSON, J., concur.