[No. 155-40801-1. Division One. May 18, 1970.]
Panel 1

THE STATE OF WASHINGTON, *Respondent,* v. ALFRED HILLARY GOUGH, *Appellant.*

*Charles O. Carroll, Prosecuting Attorney,* and *Darrell E. Lee, Deputy,* for respondent.

*Paul, Henry, Wheeler, Burton & Meade* and *James A. Henry,* for appellant (appointed counsel for appeal).

FARRIS, J.—The jury found the defendant guilty of assault in the second degree pursuant to RCW 9.11.020:

> Every person who, under circumstances not amounting to assault in the first degree—
>
> . . .
>
> (4) Shall wilfully assault another with a weapon or other instrument or thing likely to produce bodily harm;
>
> . . .
>
> . . .
>
> Shall be guilty of assault in the second degree and be punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than one thousand dollars, or by both.

There is no dispute on the correctness of this verdict. After the jury had returned the general verdict of guilty, the trial court submitted a supplemental instruction regarding deadly weapons to the jury. The defendant bases his first assignment of error upon this procedure.

The significant facts are not disputed. After an unpleasant scene in a tavern, the defendant was escorted from the tavern by several patrons. He thereafter removed the barrel assembly of a 12-gauge shotgun from the trunk of his car and waved it about stating that he would shoot anyone that moved. The weapon was not loaded and the defendant had no shells on his person, within his reach or under his control. The absence of a stock on the gun created a risk of harm to anyone who fired it.

 The defendant argues that the submission of separate verdicts is error. He relies upon *State v. Dickens,* 66 Wn.2d 58, 401 P.2d 321 (1965). Whether such procedure is error depends upon the reason for submitting the special

verdict after the general verdict has been returned. The trial court stated its reasons:

THE COURT: Let the record show that in this case, because of the great danger of a confusion in definitions, I intend to give an instruction to the jury under RCW 9.95.015 after the jury has returned a verdict in the principal case. That is in the event that a verdict of guilty is returned, the question of whether the defendant was armed with a dangerous weapon as defined by RCW 9.95.040 will be submitted to the jury and a verdict taken on that issue for the guidance of the Parole Board.

I am apprehensive that if we try to define a dangerous weapon in accordance with the Parole Board's statute in this particular case, there will be confusion.

We find no error in that procedure.

RCW 9.95.015 provides in part as follows:

or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime.

RCW 9.95.040 provides in part as follows:

(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years.

The words "deadly weapon," as used in this section include, but are not limited to, any instrument known as a blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches, any razor with an unguarded blade, and any metal pipe or bar used or intended to be used as a. club, any explosive, and any weapon containing poisonous or injurious gas.

█ Whether the instrument used by the defendant was a "firearm" was a question for the jury under proper instructions. The supplemental instruction given by the trial court defined "deadly weapon" in the statutory language and provided a basis for the defendant to argue that a

barrel assembly of a 12-gauge shotgun, without a stock or bullets is not a firearm. The jury disagreed. We cannot substitute our judgment for that of the jury on a question of fact that was properly presented, when there is substantial evidence in the record to support it.

In the absence of a similar statute, the California court has defined "deadly weapon:"[1]

> The character of an implement as a deadly weapon is determined by its capacity to inflict death or injury, and its use as a deadly weapon by the surrounding circumstances, such as the intent and present ability of the user, the degree of force, the part of the body to which it was applied, and the physical injuries inflicted.

*People v. Fisher,* 234 Cal. App. 2d 189, 193, 44 Cal. Rptr. 302 (1965).

> Ordinarily the manner in which a rifle is used determines whether it is a deadly weapon in the accomplishment of an assault.

*People v. Simpson,* 134 Cal. App. 646, 651, 25 P.2d 1008 (1933).

■ While we are persuaded by the compelling logic of this line of authority, we cannot ignore the plain language of RCW 9.95.040. When a statute is plain, unambiguous, and clear on its face there is no room for construction. *National Elec. Contractors Ass'n, Puget Sound Chapter v. Bellevue,* 1 Wn. App. 81, 459 P.2d 420 (1969). In this state, a defendant who commits a crime while armed with "any firearm" is within the contemplation of the statute.

The trial court recognized the defendant's intent:

> he takes out the weapon, and he is just going to scare all of the people. He seems to find it necessary to be able to assert some authority which he really doesn't have. I am sure he never intended to hurt anybody. He intended to frighten, and he succeeded in that.

This inescapable conclusion from the evidence can be considered by the parole board at the appropriate time, but not by this court.

---

[1]The California statute does not define deadly weapon. The definition of deadly weapon in RCW 9.95.040 includes "any firearm."

The defendant argues that the entire trial proceeding constituted a denial of equal protection of the law in violation of the Constitution of the State of Washington and the fourteenth amendment to the United States Constitution. The record does not support this allegation.

The record also fails to support the defendant's contention that the sentence imposed constitutes cruel and unusual punishment in violation of the Constitution of the State of Washington and the eighth amendment to the United States Constitution.

Affirmed.

JAMES, C. J., and SWANSON, J., concur.