[Nos. 999-2; 1033-2.     Division Two.     April 17, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. GENERAL ERWIN
SLUDER, *Appellant.*

THE STATE OF WASHINGTON, *Respondent*, v. KERRY LEE ELLIS,
*Appellant.*

*Don L. McCulloch, Roethler & McCulloch,* and *Nathan J. Heath,* for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney,* and *Robert H. Falkenstein, Deputy,* for respondent.

ARMSTRONG, J.—General Erwin Sluder and Kerry Lee Ellis appeal from convictions of the crime of abduction. The incident leading to their arrest and conviction occurred September 8, 1972. Defendants, along with a companion, Al Benedict, picked up the victim, a female then under 18 years of age, while she and her boyfriend were hitchhiking home from a high school dance in Longview. They crossed the

Columbia River into Oregon where defendant Sluder, with the help and assistance of defendant Ellis, engaged in sexual intercourse with the girl.

In this appeal defendants challenge the constitutionality of RCW 9.79.050,[1] the abduction statute, and also urge that the trial court erred by denying the motion of defendant Ellis for a trial severance and erred by denying motions for a mistrial based upon prosecutorial misconduct. We hold that the defendants lack standing to challenge the statute, and that the trial court did not err in denying the motions.

Defendants' first contention is that RCW 9.79.050, which prior to amendment in 1973, prohibited *every person* from abducting specified *females* for various immoral purposes, is unconstitutional. Defendants argue that this statute is in violation of article 31 of the Constitution of the State of Washingon, the sexual equal rights amendment,[2] as well as the equal protection clause of the fourteenth amendment to the United States Constitution. Defendants' argument is that the statute is unconstitutional because it provides only

[1]Prior to amendment in the 1973 1st Extraordinary Session, RCW 9.79.050 provided as follows:

"Abduction. Every person who—

"(1) Shall take a female under the age of eighteen years for the purpose of prostitution or sexual intercourse, or without the consent of her father, mother, guardian or other person having legal charge of her person, for the purpose of marriage; or

"(2) Shall inveigle or entice an unmarried female of previously chaste character into a house of ill fame or assignation, or elsewhere, for the purpose of prostitution; or

"(3) Shall take or detain a woman unlawfully against her will, with intent to compel her by force, menace or duress, to marry him or another person, or to be defiled; or

"(4) Being the parent, guardian or other person having legal charge of the person of a female under the age of eighteen years, shall consent to her taking or detention by any person for the purpose of prostitution or sexual intercourse or for any obscene, indecent or immoral purpose;

"Shall be guilty of abduction and punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than one thousand dollars, or by both."

[2]"Article XXXI, section 1. EQUALITY NOT DENIED BECAUSE OF SEX. Equality of rights and responsibility under the law shall not be denied or abridged on account of sex."

for the protection of females and therefore fails to provide equal protection for young men.

We first point out that the statute specifically subjects to criminal liability *every person* who engages in the proscribed conduct, thus subjecting both male and female perpetrators to punishment. It should be perfectly clear that defendants were not discriminatorily punished because of *their* sex.

The essence of defendants' argument is that young men in need of protection from abduction are being discriminated against because the statute denies to them the security of its deterrent effect. Defendants in this case do not and cannot claim that they are young men in this class whose rights may have been abridged by the abduction statute. On the contrary, defendants seek to assert the rights of others to avoid punishment pursuant to what they claim is an unconstitutional statute, but which would nevertheless subject them to criminal liability even if the statute's protection was extended to young men.

It is a well recognized principle of jurisprudence that one may not urge the unconstitutionality of a statute unless he is harmfully affected by the particular feature alleged to be violative of the constitution. *State v. Lundquist,* 60 Wn.2d 397, 401, 374 P.2d 246 (1962); *State v. Rowe,* 60 Wn.2d 797, 799, 376 P.2d 446 (1962); *State v. Carroll,* 81 Wn.2d 95, 103, 500 P.2d 115 (1972). We hold that defendants may not challenge the constitutionality of this statute for failure to claim infringement of an interest particular and personal to themselves, as distinguished from a general dissatisfaction with the statute's failure to protect young men as well as women from abduction. *State v. Rowe, supra.*

To the extent that defendants contend the protection of the abduction statute should extend to males as well as females, it is interesting to note that defendants have received satisfaction from the legislature, which in 1973

amended this and many related statutes by deleting references to the sex of the victim.[3]

■ Defendants' second argument is that the trial court should have granted a mistrial because of alleged prosecutorial misconduct. Defendants' contention is predicated upon various statements made by the prosecutor during opening and rebuttal argument. Defense counsel did not object to any of the statements when made on the grounds of improper argument, nor did defense counsel at any time request the court to intervene and instruct the jury to disregard the prosecutor's statements and arguments. A careful reading of the entire record in this case discloses that no remarks of the prosecutor constituted misconduct of such a flagrant or prejudicial nature that any curative measure would have been futile. It cannot be said that defendants did not receive a fair and impartial trial. For these reasons defendants have failed to establish reversible error on appeal based on prosecutorial misconduct. *State v. Van Auken*, 77 Wn.2d 136, 143, 460 P.2d 277 (1969); *State v. Miller*, 66 Wn.2d 535, 539, 403 P.2d 884 (1965); *State v.*

---

[3]RCW 9.79.050 now provides as follows:

"ABDUCTION. Every person who—

"(1) Shall take another person who is under the age of eighteen years for the purpose of prostitution or sexual intercourse, or without the consent of his or her father, mother, guardian or other person having legal charge of such other person, for the purpose of marriage; or

"(2) Shall inveigle or entice an unmarried person of previously chaste character into a house of ill fame or assignation, or elsewhere, for the purpose of prostitution; or

"(3) Shall take or detain another person unlawfully against such person's will, with intent to compel such person by force, menace or duress, to marry him or her or another person, or to be defiled; or

"(4) Being the parent, guardian or other person having legal charge of a person under the age of eighteen years, shall consent to the taking or detention of such person by any other person for the purpose of prostitution or sexual intercourse or for any obscene, indecent or immoral purpose;

"Shall be guilty of abduction and punished by imprisonment in the state penitentiary for not more than ten years or by a fine of not more than one thousand dollars, or by both. [1973 1st. ex.s. c 154 § 126;]"

*Murray,* 10 Wn. App. 23, 30, 516 P.2d 517 (1973); *State v. Fullen,* 7 Wn. App. 369, 388, 499 P.2d 893 (1972).

■ The final issue to be resolved is whether the trial court erred by denying the motion of defendant Ellis for a trial severance. Defendants correctly point out that by the terms of RCW 10.46.100, it is within the discretion of the trial court whether or not to grant a defendant's request for a separate trial. Defendants essentially argue that the trial court abused its discretion by denying severance when it was shown that there would be a conflict of interest between the "active" participant, Sluder, and his less active companion, Ellis. However, the mere fact that the interests of the defendants may in some ways conflict is not of itself a a sufficient showing that this court will set aside the trial court's order for abuse of discretion. *State v. Davis,* 73 Wn.2d 271, 290, 438 P.2d 185 (1968); *State v. Carter,* 4 Wn. App. 103, 480 P.2d 794 (1971).

Affirmed.

PEARSON, C.J., and PETRIE, J., concur.

Petition for rehearing denied July 15, 1974.

Review denied by Supreme Court October 10, 1974.