[No. 1308-2.    Division Two.    April 22, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. NORMAN F. WHITTIER, *Appellant*.

*Jerome L. Buzzard* (of *Buzzard & Glenn*), for appellant.

*Patrick D. Sutherland, Prosecuting Attorney*, and *Richard A. Strophy, Deputy*, for respondent.

PEARSON, J.—This appeal from a conviction of assault in the first degree raises the following three issues:  (1) Was

the defendant denied his right to a speedy trial? (2) Was evidence of a threat on the victim's life made by the defendant 10 days prior to the assault improperly admitted? (3) Was the jury improperly instructed regarding the elements of first-degree assault and regarding the related special verdict, required pursuant to RCW 9.95.015, as to whether the defendant was armed with a deadly weapon? Having determined that each of the three issues raised by the defendant lacks substantial merit, we affirm the conviction.

The victim of the assault in question was a woman who had been living with the defendant. Both of the parties were divorced from prior spouses, but were not married to each other. On June 10, 1973, the parties quarreled, and as a result the victim moved from the defendant's residence to that of her cousin, where she was living on the date of the assault. The victim was assisted in moving from the defendant's residence by her brother. Both the victim and her brother testified that while the two were gathering the victim's belongings at the defendant's residence, the defendant threatened the victim, and stated that if he ever caught her alone he would kill her.

The record reflects that 10 days after this threat was made, at approximately 1 a.m. on June 21, 1973, the defendant went to the residence where the victim was living and entered her bedroom while she slept. Twenty-two stab wounds or puncture wounds were inflicted upon the victim by an instrument resembling an ice pick or hole punch, which the defendant admits he was carrying at the time. His defense was that the victim "twisted" and fell off her bed, and as he attempted to prevent her from falling, he must have accidentally "poked" her with the instrument he had in his hand. As the defendant left the residence, leaving the victim bleeding and hysterical, he stopped only long enough to yank the telephone off the wall and out of the hands of the victim's cousin, who was attempting to call the police. Defendant was found guilty of assault in the first

degree, with a special verdict that he was armed with a deadly weapon.

Discussing the defendant's assignments of error in chronological order, the first argument is that the conviction should be reversed for failure of the State to comply with CrR 3.3, which provides for a speedy trial, and CrR 4.1, which provides for prompt arraignment. It is unnecessary to recite the dates and details, for defendant waived any right to assert noncompliance with these rules by failure to raise the issue at any time prior to this appeal. *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975). There is neither an assertion nor any indication from the record that defendant's *constitutional* rights were violated by the alleged prosecutorial protraction.

Defendant next contends that the trial court erred by allowing testimony as to the threat on the victim's life which the defendant made prior to the assault. The defendant objected to this testimony at trial only on the basis of relevancy and materiality, and for this reason defendant's rather dubious contention that the conviction should be reversed for failure of the court to conduct an unrequested CrR 3.5 "confession procedure" hearing will not be considered on appeal. *State v. Van Auken*, 77 Wn.2d 136, 460 P.2d 277 (1969); *State v. Sluder*, 11 Wn. App. 8, 521 P.2d 971 (1974). No violation of basic constitutional rights is alleged. *Cf. State v. Joseph*, 10 Wn. App. 827, 520 P.2d 635 (1974). Furthermore, the relevance and materiality of the testimony in question has apparently now been recognized and conceded. This contention having been abandoned on appeal, the admissibility of the evidence need not be discussed. *State v. Young*, 11 Wn. App. 398, 523 P.2d 946 (1974).

Defendant's final contention is that the court's instruction to the jury on the elements of first-degree assault was confusing in light of the special verdict as to whether a

deadly weapon was involved which the jury was required to return pursuant to RCW 9.95.015.[1]

In order to find the defendant guilty of first-degree assault, the court instructed the jury that one of the elements the State was required to prove beyond a reasonable doubt was that the victim was assaulted "with a firearm or any deadly weapon or by any force or means likely to produce death." We note that this language comes directly from the first-degree assault statute,[2] and that in general an instruction that follows the words of a statute is proper. *State v. Crudup*, 11 Wn. App. 583, 592, 524 P.2d 479 (1974).

Defendant argues that the instruction was erroneous in this case because it was not necessary to find that he was armed with a deadly weapon in order to convict him of assault in the first degree, and that a guilty verdict based upon such an instruction predetermined the jury's special verdict pursuant to RCW 9.95.015, *supra*. We are not persuaded by this argument.

It is obvious from the statute that the crime of first-degree assault may be perpetrated without the use of a

---

[1] RCW 9.95.015 provides:

"In every criminal case wherein conviction would require the board of prison terms and paroles to determine the duration of confinement and wherein there has been an allegation and evidence establishing that the accused was armed with a deadly weapon at the time of the commission of the crime, the court shall make a finding of fact of whether or not the accused was armed with a deadly weapon, as defined by RCW 9.95.040, at the time of the commission of the crime, or if a jury trial is had, the jury shall, if it find the defendant guilty, also find a special verdict as to whether or not the defendant was armed with a deadly weapon, as defined in RCW 9.95.040, at the time of the commission of the crime."

[2] RCW 9.11.010 provides:

"Every person who, with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another—

"(1) *Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death*; or

"(2) Shall administer to or cause to be taken by another, poison or any other destructive or noxious thing so as to endanger the life of another person, shall be guilty of assault in the first degree and shall be punished by imprisonment in the state penitentiary for not less than five years." (Italics ours.)

deadly weapon. *Cf. State v. Jackson,* 70 Wn.2d 498, 424 P.2d 313 (1967). However, nothing in the court's instructions to the jury prevented the defendant from so arguing to the jury. On the other hand, the prosecution in this case filed an information which, in compliance with the recent decision in *State v. Cosner,* 85 Wn.2d 45, 51, 530 P.2d 317 (1975), specifically alleged that the crime was committed while "armed with a deadly weapon as defined by RCW 9.95.040, to-wit: an ice pick or similar weapon." The jury was clearly instructed by the court as to the statutory definition of "deadly weapon,"[3] and clearly instructed that they were to determine beyond a reasonable doubt whether the defendant was armed with such a weapon and to indicate their finding on the *special verdict form.* As to the substantive offense, the jury was instructed that one of the elements the State was required to prove would be satisfied by proof beyond a reasonable doubt that the assault was

---

[3]RCW 9.95.040 provides, in part:

"Within six months after the admission of a convicted person to the penitentiary, reformatory, or such other state penal institution as may hereafter be established, the board of prison terms and paroles shall fix the duration of his confinement. The term of imprisonment so fixed shall not exceed the maximum provided by law for the offense of which he was convicted or the maximum fixed by the court where the law does not provide for a maximum term.

"The following limitations are placed on the board of prison terms and paroles with regard to fixing the duration of confinement in certain cases, notwithstanding any provisions of law specifying a lesser sentence, to wit:

"(1) For a person not previously convicted of a felony but armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than five years.

"(2) For a person previously convicted of a felony either in this state or elsewhere and who was armed with a deadly weapon at the time of the commission of his offense, the duration of confinement shall not be fixed at less than seven and one-half years.

"*The words "deadly weapon," as used in this section include, but are not limited to, any instrument known as a blackjack, sling shot, billy, sand club, sandbag, metal knuckles, any dirk, dagger, pistol, revolver, or any other firearm, any knife having a blade longer than three inches,* any razor with an unguarded blade, and any metal pipe or bar used or intended to be used as a club, any explosive, and any weapon containing poisonous or injurious gas." (Italics ours.)

committed either (a) with a firearm, (b) with any deadly weapon, or (c) with any means likely to produce death.

■■ These instructions readily allowed both sides to argue their theories of the case. Although submission of the special verdict to the jury only after it has returned a guilty verdict as to the offense charged may be a procedure easier to follow, as noted in *State v. Gough*, 2 Wn. App. 733, 469 P.2d 568 (1970), the court's instructions in this case were neither confusing nor misleading. *State v. Alexander*, 7 Wn. App. 329, 336, 499 P.2d 263 (1972). Our holding is that the court's instructions, taken as a whole, were an accurate, fair and proper explanation of the law governing the facts alleged and introduced in evidence.

The judgment is affirmed.

PETRIE, A.C.J., and ANDERSEN, J., concur.