■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL EMILE DEMERS, JR., Appellant.— Appeal from a judgment of the County Court of St. Lawrence County, rendered December 27, 1971, convicting defendant on his plea of guilty of the crime of criminal possession of a dangerous drug in the fifth degree (Penal Law, § 220.10). The defendant was indicted for criminally selling a dangerous drug in the third degree in violation of section 220.35 of the Penal Law. The indictment recites that defendant did knowingly and unlawfully sell a substance known as hashish containing cannabis, a narcotic drug, as defined "in section 3301 (38) of the Public Health Law of the State of New York." Defendant pleaded guilty to section 220.10 of the Penal Law in satisfaction of the indictment and received an indeterminate sentence not to exceed three years. On this appeal defendant challenges the constitutionality of section 220.35 of the Penal Law. He maintains that it violates section 16 of article III of the New York State Constitution. He further contends that it violates the Fifth, Ninth and Fourteenth Amendments of the United States Constitution. The question of whether this statute violates the State Constitution by incorporating therein references to the Public Health Law and Mental Hygiene Law has previously been before this court when we passed on the constitutionality of former section 1751-a of the Penal Law, a statute similar to the one here involved. (*People* v. *Rodger*, 28 A D 2d 625.) We held in that case that there was no violation (*People* v. *Rodger, supra*, p. 626). There are no circumstances in the instant case which would justify a different conclusion. As to the alleged violation of the Fifth and Fourteenth Amendments, defendant, in substance, maintains that there is a lack of convincing expert proof showing that the use of marijuana is harmful or habit forming, and consequently, it is not a proper subject for control by the State. There appears to be a divergence of expert opinion as to the effects of marijuana. The Legislature, however, has determined in its wisdom that the use of marijuana is harmful and should be suppressed. We find a rational basis for this determination and the Legislature, therefore, had the constitutional power to pass such statute. (Cf. *Ginsberg* v. *New York*, 390 U. S. 629, 641.) Finally, we conclude that there is no merit in defendant's contention that the statute violates the Ninth Amendment of the Constitution. Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.