**Alan K. KREISHER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 10, 1974.

Henry A. Wise, Jr., of Booker, Green, Shaffer, Berl & Wise, Wilmington, for defendant below, appellant.

Joseph A. Hurley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

HERRMANN, Chief Justice, and CAREY and DUFFY, JJ., sitting.

CAREY, Justice:

These appeals are taken by Alan Kent Kreisher, who was found guilty in the Superior Court of possession of marihuana, in violation of 16 Del.C. § 4722,[1] and possession of hashish, in violation of the same,

---

1. 16 Del.C. § 4722 provided:
    "§ 4722. Unlawful use, consumption or possession of dangerous drugs; penalty
    "Whoever knowingly and unlawfully uses, consumes or has a dangerous drug in his pos-

sesion shall be fined not more than $500 and imprisoned not more than 2 years."
(Repealed by Section 1, 58 Del.Laws, c. 424)

provision. Inasmuch as he raises the same issues of constitutional law in both appeals, they are consolidated for present purposes.

I

■ With respect to the charge for possession of marihuana, to which he pleaded guilty, Kreisher argues: (1) that his sentence of one year's imprisonment and a $200.00 fine for this first offense is cruel and unusual punishment; (2) that imposition of this sentence is an abuse of discretion; and (3) that 16 Del.C. § 4722 is unconstitutional. We find these arguments to be without merit. The sentence is within the limits authorized by the Legislature, and we cannot say that in this case the sentence is constitutionally prohibited as cruel and unusual punishment. Williams v. State, Del.Supr., 286 A.2d 756 (1971). Nor do we deem the sentence an abuse of discretion. The facts of State v. Ward, 57 N.J. 75, 270 A.2d 1 (1970), the only case cited by Kreisher for this argument, are so markedly different than those of the instant case that we consider *Ward* entirely unpersuasive.

■ The constitutionality of the Act is challenged on four grounds: (1) the Act deprives adult citizens of their rights of privacy and fundamental liberty, in violation of the Fifth, Ninth, and Fourteenth Amendments to the Federal Constitution; (2) the Act is not a proper exercise of the police power of the State; (3) any criminal sanction upon the private possession of marihuana by adults is cruel and unusual punishment, in violation of the Eighth Amendment; and (4) the Act works a denial of equal protection of the law, in violation of the Fifth and Fourteenth Amendments, in that it prohibits private possession of marihuana while the possession and use of cigarettes, alcoholic beverages, and other substances potentially more harmful are not prohibited.

Laws prohibiting the private possession and use of marihuana have indeed caused much concern,[2] and, although there may exist valid criticism of these laws, we cannot say that 16 Del.C. § 4722 is unconstitutional.

■ 1. There exists no constitutional right of privacy which encompasses the right to possess and use marihuana. Accord, Commonwealth v. Leis, 355 Mass. 189, 243 N.E.2d 898 (1969). To the extent that a right of privacy is recognized in the Constitution, it is not an unqualified right, and has been defined as protective of distinct interests, or "zones of privacy," each of which is readily distinguishable from what Kreisher contends is his right to smoke marihuana. See, e. g., Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed. 2d 147 (1973); Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969); Katz v. United States, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed.2d 576 (1967); Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Olmstead v. United States, 277 U.S. 438, 48 S.Ct. 564, 72 L. Ed. 944 (1928). The statute is not unconstitutional as violative of appellant's right of privacy.

2. Although that case concerned hashish, what we have said in Kreisher v. State, Del.Supr., 303 A.2d 651 (1973), is directly applicable to appellant's argument that any prohibition of private use of marihuana is beyond the State's police power. Therefore, his argument on that issue must fall.

■ 3. Having answered appellant's claim that his sentence constitutes cruel and unusual punishment, we hold that he lacks standing to argue that any sentence, under circumstances different than those here present, might be cruel and unusual punishment.

---

2. This concern is expressed by members of the highest courts of two jurisdictions in State v. Kantner, 53 Haw. 327, 493 P.2d 306 (1972); and People v. Sinclair, 387 Mich. 91, 194 N.W. 2d 878 (1972).

4. Appellant's equal protection argument has been answered convincingly in Commonwealth v. Leis, *supra*, and in State v. Kantner, *supra*, and we follow the reasoning and results expressed therein. This appellant failed to prove his contention that there exists no rational basis for treating marihuana differently than cigarettes or alcoholic beverages.

## II

Appellant raises the same constitutional objections to his conviction for possession of hashish. The distinction between marihuana and hashish[3] is not significant to the issues which we have answered above.

Two additional contentions are made concerning Kreisher's conviction for possession of hashish: (1) that the lower Court erred in limiting its instructions regarding the defense of entrapment to the offense of *sale* of a dangerous drug; and (2) that it was inconsistent for the jury to convict him of the offense of possession of a dangerous drug while acquitting him of the offense of sale of a dangerous drug.

As to the first argument, a fair reading of the Judge's instructions indicates that appellant's argument is not substantiated by the record. The jury was told that the defense of entrapment was available in defense of and applicable to "any crime," including the lesser included offense of possession of a dangerous drug.

The second contention also fails after a careful examination of the record. Kreisher's argument here is that the jury must have acquitted him of the offense of sale of a dangerous drug because they believed his entrapment defense. Kreisher says that, if he was entrapped into the sale, he was entrapped into possession, and the conviction for possession is inconsistent and requires a reversal. We disagree. We note that in this case the undercover policeman purchased four grams of hashish which Kreisher cut from a six gram block of the substance. Kreisher admitted that he sold approximately four grams and retained two. Even if the jury did acquit Kreisher of the offense of sale of the drug because they believed that he had been entrapped, they could have reasoned that he was not entrapped into retaining two grams. Furthermore, the jury could have found that although Kreisher had been entrapped into the sale, he was not entrapped into the possession of the drugs. Therefore, the jury's findings are capable of logical reconciliation. There is no inconsistency.

For these reasons, the convictions are affirmed.

---

3. We understand hashish to be a concentrated form of marihuana.