PEOPLE v ALEXANDER

1. Appeal and Error—Witnesses—Expert Witnesses—Stipulation to Qualifications—Failure to Object.

A defendant is foreclosed from attacking the methods of an expert witness on appeal where defendant, at the trial stage, specifically stipulated to the expert's qualifications and voiced no objection to the expert's methods.

2. Constitutional Law—Statutes—Review—Presumption of Validity—Legislative Purpose—Standard of Review—Fundamental Rights.

Challenged legislative acts are usually reviewed with the understanding that they are presumed valid and will be so found unless it is shown that the statute in question bears no rational relationship to a legitimate legislative purpose; the only cases that require a stricter standard of review are those that involve an infringement of a right explicitly enumerated in the Constitution or otherwise recognized as fundamental.

3. Drugs and Narcotics—Marijuana—Sale—Possession—Constitutional Law—Fundamental Rights.

There is no colorable claim of a fundamental constitutional right to sell marijuana; whatever may be the merits of a claim to a protected right by one who is prosecuted for the private possession or use of marijuana, a defendant charged with unlawful delivery is not in that position.

4. Drugs and Narcotics—Marijuana—Prohibition of Sale.

The Legislature may reasonably believe marijuana to be a dangerous substance and prohibit its distribution.

5. Drugs and Narcotics—Harmful Substances—Regulation—Constitutional Law.

A Legislature is not constitutionally compelled to regulate or

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 884.
[2] 16 Am Jur 2d, Constitutional Law § 137 *et seq.*
[3–6] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 33, 35–39.

prohibit all harmful substances if it decides to regulate or prohibit some of them.

6. DRUGS AND NARCOTICS—MARIJUANA—SALE—SENTENCES—CONSTI-
    TUTIONAL LAW—CRUEL AND UNUSUAL PUNISHMENT.
    A sentence of 2-1/2 to 4 years for unlawful delivery of marijuana is not "cruel and unusual" where the sentence is within the statutory guidelines and the conviction was defendant's fourth conviction of a felony.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3, October 8, 1974, at Grand Rapids. (Docket No. 17751.) Decided November 6, 1974.

Harvey Alexander was convicted of unlawful delivery of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson III,* Director, and *Howard C. Marderosian,* Special Assistant Attorney General, of counsel), for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: ALLEN, P. J., and J. H. GILLIS and McGREGOR, JJ.

J. H. GILLIS, J. Defendant was convicted by a jury of unlawful delivery of marijuana in violation of MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c). He was sentenced to 2-1/2 to 4 years in prison, and appeals as of right.

At the trial, Dr. Hare, the State's expert witness, stated that he had performed the "Duquenois-Lavine" test and various microscopic tests on the substance in question, and had conclusively

determined it to be marijuana. The defendant stipulated to Dr. Hare's qualifications to identify marijuana, and did not object to his use of the Duquenois-Lavine test. Nonetheless, defendant now asks us to take judicial notice of the fact that the Duquenois-Lavine test is unreliable. We decline to do so. When defendant, at the trial stage, specifically stipulates to an expert's qualifications, and voices no objection to that expert's methods, he is foreclosed from later attacking those methods on appeal. *People v Musser,* 53 Mich App 683, 690; 219 NW2d 781 (1974).

Defendant further argues that the Michigan laws which prohibit the possession, use and sale of marijuana violate his right to privacy, equal protection and due process. These same arguments have been raised in many other jurisdictions,[1] and have met with little success. We also find them to be without merit.

In *United States v Kiffer,* 477 F2d 349 (CA 2, 1973), the second circuit of the United States Court of Appeals faced the same issues as are raised here. In that case defendant was charged with possession of marijuana with intent to distribute and with conspiracy. The Court held that Congress could constitutionally regulate the sale and distribution of marijuana. We find the second circuit's rationale convincing, and we adopt it. In *Kiffer, supra,* 352–355, the Court began by noting the policy considerations present in this type of case:

---

[1] *See United States v Maiden,* 355 F Supp 743 (D Conn, 1973); *People v Aguiar,* 257 Cal App 2d 597; 65 Cal Rptr 171 (1968); *cert den* 393 US 970; 89 S Ct 411; 21 L Ed 2d 383 (1968); *State v Nugent,* 125 NJ Super 528; 312 A2d 158 (1973); *State v Kantner,* 53 Hawaii 327; 493 P2d 306 (1972); *State v Leppanen,* 252 Ore 352; 449 P2d 447 (1969); *Commonwealth v Leis,* 355 Mass 189; 243 NE2d 898 (1969); *United States v Rodriquez-Comacho,* 468 F2d 1220 (CA 9, 1972).

"Any court asked to undertake review of the multifarious political, economic and social considerations that usually underlie legislative prohibitory policy should do so with caution and restraint. In this case, the challenged legislation incorporates conclusions or assumptions concerning an array of medical, psychological and moral issues of considerable controversy in contemporary America. Indeed, as a recent perceptive study suggests, 'Marijuana, in fact, has become the symbol of a host of major conflicts in our society, each of which exacerbates any attempt at a rational solution to the problem.' Kaplan, *Marijuana—The New Prohibition* (World Publishing Co ed 1970), p 3. This should serve as a reminder that in most instances the resolution of such sensitive issues is best left to the other branches of government.

"Reflecting this judgment, courts usually review challenged legislative acts with the understanding that they are presumed valid and will be so found unless it is shown that the statute in question bears no rational relationship to a legitimate legislative purpose. *E.g., Williamson v Lee Optical, Inc,* 348 US 483, 485–488; 75 S Ct 461; 99 L Ed 563 (1955); *United States v Carolene Products Co,* 304 US 144, 152–154; 58 S Ct 778; 82 L Ed 1234 (1938). The only cases that require a stricter standard of review are those that involve an infringement of a right explicitly enunciated in the Constitution or otherwise recognized as fundamental. *E.g., Roe v Wade,* 410 US 113; 93 S Ct 705; 35 L Ed 2d 147 (1973); *Griswold v Connecticut,* 381 US 479; 85 S Ct 1678; 14 L Ed 2d 510 (1965); *Aptheker v Secretary of State,* 378 US 500, 505–514; 84 S Ct 1659; 12 L Ed 2d 992 (1964). See *United States v Carolene Products Co, supra,* 304 US at 152–153 n 4; 58 S Ct 778; 82 L Ed 1234.

"To invoke this stricter scrutiny in this case, appellants assert the existence of a fundamental 'right of the individual to control of his own body and to indulge in private in what may be condemned in public or deemed immoral or unacceptable to society at large.' In support of this proposition they cite the Supreme Court decisions in *Griswold v Connecticut, supra,* and *Stanley v Georgia,* 394 US 557; 89 S Ct 1243; 22 L Ed 2d 542 (1969), respectively invalidating convictions for use of

contraceptives and for private possession of obscene materials. These cases are of little assistance to appellants. Whatever may be the merits of a claim to a protected right by one who is prosecuted for the private possession or use of marijuana, appellants are not in that position. * * * (Their conviction dealt with selling and not the mere use of marijuana.) Thus, analogies to the holdings of *Griswold* and *Stanley* are inappropriate. Far more comparable are those decisions holding that, notwithstanding *Stanley's* protection of the ultimate consumer of obscene material, the Government may prohibit the commercial importation or mail distribution of pornography. See *United States v Thirty-Seven Photographs,* 402 US 363; 91 S Ct 1400; 28 L Ed 2d 822 (1971); *United States v Reidel,* 402 US 351; 91 S Ct 1410; 28 L Ed 2d 813 (1971).

"Since there is no colorable claim of a fundamental constitutional right to sell marijuana—even partisans of the old economic due process analysis might blush at that notion—appellants must establish that prohibition of commercial distribution of marijuana lacks any reasoned justification. They have not succeeded in doing so.

\* \* \*

" * * * [R]ecent discussions of this issue suggest that the present state of knowledge of the effects of marijuana is still incomplete and marked by much disagreement and controversy. Compare, *e.g.,* Bartimo, *Marijuana,* 30 Fed B J 343 (1971), with Trachtenberg & Paper, *Marijuana: A Further View,* 31 Fed B J 258 (1972). Thus, although it is apparently generally accepted that most users do not suffer any significant ongoing harm, at least some—perhaps predisposed to such episodes—are reported to suffer severe temporary trauma, as Dr. Tennant reported in this case. See *Marihuana: A Signal of Misunderstanding,* The Official Report of the National Commission on Marihuana and Drug Abuse 72 (Bantam ed 1972); Bartimo, *supra,* at 344–45, 347–48. Moreover, the long-term physical and psychological effects are as yet unclear."

Thus, the Court held that Congress could reasonably believe marijuana to be a dangerous substance. The Court continued:

"Appellants also argue that marijuana is much less harmful than tobacco and alcohol; the legal availability of the latter substances, they say, proves the irrationality of singling out marijuana for criminal penalties. Our knowledge is not sufficient for us to accept or reject appellants' initial premise. But even if it is correct, see J. Kaplan, *supra,* at 263–310 (as to alcohol), this does not render the statute here unconstitutional. If Congress decides to regulate or prohibit some harmful substances, it is not thereby constitutionally compelled to regulate or prohibit all. It may conclude that half a loaf is better than none. See *McDonald v Board of Election Commissioners,* 394 US 802, 809–811; 89 S Ct 1404; 22 L Ed 2d 739 (1969); *Williamson v Lee Optical, Inc, supra,* 348 US at 489; 75 S Ct 461."

Appellant lastly contends that his sentence of 21/2 to 4 years in prison is "cruel and unusual". This sentence is within the statutory guidelines.[2] This conviction is defendant's fourth conviction of a felony. There is no merit to this argument.

Affirmed.

All concurred.

---

[2] MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c), provides for a sentence of up to four years with a $2,000 fine for sale of marijuana.