[No. 1773-2. Division Two. December 21, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID L. ANDERSON, *Appellant*.

*Don R. McCulloch*, for appellant (appointed counsel for appeal).

*Henry R. Dunn, Prosecuting Attorney*, for respondent.

PEARSON, J.—Defendant, David L. Anderson, appeals from a conviction of possession of less than 40 grams of

marijuana and delivery of marijuana. The issues on appeal are: (1) Do the statutes prohibiting possession and delivery of marijuana unconstitutionally interfere with a right to privacy in the home? (2) Was the jury properly instructed on the defense of entrapment? (3) Was there police misconduct constituting a defense? For the reasons stated below, we affirm the conviction.

The facts are largely undisputed. A narcotics investigator for the Washington State Patrol Drug Control Assistance Unit, acting as an undercover agent, presented himself at defendant's home under the guise of delivering two 1-pound packages of marijuana to a fictitious person. The agent was invited inside the house, where he and defendant discussed a potential sale of drugs. When the discussion was continued the next day, the agent asked defendant if he had any marijuana, and defendant responded that he did. The agent then suggested that they smoke a marijuana cigarette together. Defendant declined, but he produced a small jar containing marijuana and indicated that the agent could make a cigarette for himself. Testimony conflicts as to whether the agent smoked part of the cigarette he made, but it is clear that the agent left the house with at least a portion of the cigarette. He then returned with a search warrant and Longview police officers, who seized a few fragments of marijuana in the execution of the search warrant. The cigarette and seized fragments constituted less than 40 grams of marijuana. Defendant was charged and convicted of violating RCW 69.50.401 (a), delivery of marijuana, and RCW 69.50.401 (d), possession of less than 40 grams of marijuana.

█ The argument that RCW 69.50.401 (a) and (d) might violate the constitutional right of privacy in the home has never been addressed by a Washington appellate court. Defendant failed to raise the issue at trial, but that does not preclude appellate review when the issue relates to an invasion of a constitutional right. *State v. Cuzick*, 85 Wn.2d 146, 530 P.2d 288 (1975); *State v. Lewis*, 15 Wn. App. 172, 548 P.2d 587 (1976).

Defendant urges this court to hold, first, that there is a constitutional right to privacy in the home encompassing the possession and noncommercial delivery of marijuana, and second, if such a right exists, that the State does not have the compelling state interest necessary to justify regulation in this area. We decline to adopt the position that the right of privacy extends to the possession or delivery of marijuana.

While there is no "right of privacy" found in any specific guaranty of the United States Constitution, the United States Supreme Court has recognized constitutional "zones of privacy" which limit governmental power. *Paul v. Davis*, 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976). Only personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty" are included in this guaranty of personal privacy. *Roe v. Wade*, 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973). If the possession and noncommercial delivery of marijuana come within a constitutional "zone of privacy" then there must be a compelling state interest to justify regulation in this area. *Roe v. Wade, supra; cf. Darrin v. Gould*, 85 Wn.2d 859, 540 P.2d 882 (1975).

The overwhelming majority of jurisdictions which have considered the right of privacy and the possession or use of marijuana are in accord. No constitutional right of privacy exists which encompasses the right to possess and use marijuana. *Kreisher v. State*, 319 A.2d 31 (Del. 1974). The constitutional right of privacy does not prevent the legislature from proscribing the possession of marijuana for private use. *State v. Renfro*, ........... Hawaii ..........., 542 P.2d 366 (1975). Michigan laws which prohibit the possession, use, and sale of marijuana do not violate the constitutional right to privacy. *People v. Alexander*, 56 Mich. App. 400, 223 N.W.2d 750 (1974). The right to smoke marijuana is not fundamental to the American scheme of justice, it is not necessary to ordered liberty, and it is not within a zone of privacy. *Commonwealth v. Leis*, 355 Mass. 189, 243 N.E.2d 898 (1969). Possession of marijuana is not a funda-

mental right guaranteed by the United States Constitution. *State v. Anonymous,* 32 Conn. Supp. 324, 355 A.2d 729 (1976).

Only one jurisdiction has recognized a right to privacy in the home which encompasses the use and possession of marijuana. The Alaska Supreme Court in *Ravin v. State,* 537 P.2d 494 (Alas. 1975) held that no adequate justification exists for the state's intrusion into the citizens' right of privacy by its prohibition of the possession of marijuana by adults for personal consumption in the home. There are at least three grounds for refusing to apply the Alaska ruling in this case.

First, the *Ravin* decision is substantially based upon the strong right to privacy provision of the Alaska Constitution.[1] The Alaska court evidenced the importance of this provision to its ruling when it concluded that "citizens of the State of Alaska have a basic right to privacy in their homes under Alaska's constitution. This right to privacy would encompass the possession and ingestion of substances such as marijuana in a purely personal, non-commercial context in the home . . ." *Ravin v. State, supra* at 504. Washington does not have an equivalent privacy provision in its constitution, nor does case law establish such a strong right to privacy.

A second distinction is that the Alaska court rejected the fundamental right-compelling state interest test, and used a special test to determine the constitutionality of the statute prohibiting the possession of marijuana. The court stated that if it was employing the fundamental right-compelling state interest test "we would hold that there is no fundamental right, either under the Alaska or federal constitutions, either to possess or ingest marijuana." *Ravin v. State, supra* at 502. Washington courts have utilized the fundamental right-compelling state interest test in the past, *see Darrin v. Gould, supra,* and we will not adopt a special test at this time.

---

[1]Article 1, § 22 of the Alaska Constitution provides, in part: "The right of the people to privacy is recognized and shall not be infringed."

Finally, the basis for the *Ravin* decision was the extension of the right of privacy in the home to the possession of marijuana. A leading case on the right of privacy in the home, *Stanley v. Georgia,* 394 U.S. 557, 22 L. Ed. 2d 542, 89 S. Ct. 1243 (1969), involved the possession of obscene material for an adult's personal use in the home. The United States Supreme Court held that possession of the material was protected in the home because the strong and fundamental First Amendment right to receive information was involved. The Supreme Court noted that its ruling did not infringe upon the power of the state to prohibit the possession of narcotics in the home. Other cases discussing the right to privacy in the home also limit that right to activities involving important or fundamental rights.[2] Possession of marijuana is not a fundamental right, *State v. Anonymous, supra,* and it is not tantamount to the exercise of a First Amendment right. Additionally, no authority or logic supports the contention that a right to deliver marijuana is more fundamental than the right to possess it. Therefore, we refuse to extend the right of privacy in the home to either the possession or delivery of marijuana.

The *Ravin* decision is not persuasive and we adopt the position of those jurisdictions holding that statutes similar to RCW 69.50.401 (a) and (d) do not unconstitutionally interfere with any right to privacy.

■■ Defendant next assigns error to the trial court's refusal to give his proposed instruction on the defense of entrapment. The proposed instruction reads as follows:

You are instructed that a criminal defendant invoking the defense of entrapment must show that the criminal design originated in the mind of the police officer and not with the accused, and that the accused was lured or induced to commit a crime he had not intended to commit. If the crime originated in the mind of the accused, an officer may afford the accused an opportunity to com-

[2]*See generally Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 37 L. Ed. 2d 446, 93 S. Ct. 2628 (1973); *United States v. Orito,* 413 U.S. 139, 37 L. Ed. 2d 513, 93 S. Ct. 2674 (1973). *Cf. State v. Elliott,* 88 N.M. 187, 539 P.2d 207 (1975).

mit the crime, and, when acting in good faith *and not acting against public policy,* make use of deception.

(Italics ours.) "Public policy" is not an element of an entrapment defense. *See State v. Waggoner,* 80 Wn.2d 7, 490 P.2d 1308 (1971); *State v. Swain,* 10 Wn. App. 885, 520 P.2d 950 (1974). Additionally, no instruction was given or requested which would define or give guidelines as to the meaning of "public policy." The trial court properly refused defendant's proposed instruction because it was not an accurate statement of the law and it could have easily confused and misled the jury. *State v. Whittier,* 13 Wn. App. 293, 535 P.2d 847 (1975); *State v. Alexander,* 7 Wn. App. 329, 499 P.2d 263 (1972).

The trial court did give an instruction which stated the subjective test of entrapment. This approach to entrapment, which focuses upon the intent of the defendant to commit the crime and not the conduct of the police, has been affirmed by the United States Supreme Court, *Hampton v. United States,* 425 U.S. 484, 48 L. Ed. 2d 113, 96 S. Ct. 1646 (1976), and followed in Washington, *State v. Swain, supra.* The instruction was a proper statement of the law and it allowed the jury to make a proper factual determination regarding entrapment. We find no error.

 As his final assignment of error, defendant argues that the agent's possession of contraband, his deception, and his instigation of smoking marijuana was police misconduct which constitutes a defense separate from entrapment. No Washington case law establishes police misconduct as a separate defense in a criminal prosecution, although the principle has been recognized and discussed. *State v. Emerson,* 10 Wn. App. 235, 517 P.2d 245 (1973). When police engage in illegal activity in concert with a defendant beyond the scope of their duties, and their activity does not constitute entrapment, the proper remedy is to prosecute the police for violation of the law. *Hampton v. United States, supra.*[3] Even if the police activity was illegal, defendant does

---

[3]The opinions of two concurring and three dissenting justices in *Hampton* indicate that if the issue comes before the court, sufficiently

not have any defense other than entrapment, and since the jury made the factual determination that no entrapment occurred, the conviction must stand.

Judgment affirmed.

PETRIE, C.J., and REED, J., concur.

Petition for rehearing denied January 27, 1977.

Review granted by Supreme Court September 29, 1977.

outrageous police misconduct may violate due process and thus bar a conviction, even if the accused was predisposed to commit the crime. If that position had been adopted, we would still uphold defendant's conviction, as we would not find that the agent's activities constituted outrageous misconduct, denying defendant due process of law. To the same effect *see State v. Emerson*, 10 Wn. App. 235, 517 P.2d 245 (1973).