PEOPLE v SCHMIDT

Docket Nos. 78-319, 78-1213. Submitted June 12, 1978, at Grand
    Rapids.—Decided October 18, 1978. Leave to appeal denied, 406
    Mich —.

Allen F. Schmidt was charged in two separate informations with
    delivery of marijuana, and after denial of his motion to quash
    the informations, he pled guilty to two counts of possession of
    marijuana in exchange for dismissal of the delivery charges,
    Isabella Circuit Court, Paul F. O'Connell, J. Defendant appeals,
    alleging that the classification scheme of the Controlled Sub-
    stances Act as it relates to marijuana is unconstitutional. *Held:*

    1. The defendant, by pleading guilty, did not waive his right
    to contest the constitutionality of the statute upon which the
    prosecution was based.

    2. The Controlled Substances Act is subject to scrutiny under
    the traditional equal protection test, and because the defendant
    does not claim that any fundamental right is involved, it is the
    defendant's burden to show that the legislative decision to
    control marijuana and to place it in Schedule 1 of the act
    lacked a reasonable basis, or was arbitrary. Given the state of
    present day medical and scientific knowledge regarding mari-
    juana, it cannot be said that the Legislature's decision to
    regulate marijuana was arbitrary.

    Affirmed.

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL LAW—WAIVER.

    A defendant's plea of guilty does not waive the defendant's right
    to contest whether a statute upon which the prosecution is
    based is constitutional.

2. CONSTITUTIONAL LAW—EQUAL PROTECTION—SUBSTANTIAL RELATION
    TO OBJECT TEST.

    Application of the "substantial relation to the object" test to
    determine whether legislation is violative of equal protection is

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 495.
[2] 16 Am Jur 2d, Constitutional Law § 501.
[3] 16 Am Jur 2d, Constitutional Law § 498.
[4, 5] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.

dependant upon two factors: the legislation must carve out a discrete exception to a general rule, and the legislation must have remained in force for a sufficiently long time so that it may no longer be considered experimental.

3. CONSTITUTIONAL LAW—STATUTES—CONTROLLED SUBSTANCES ACT— EQUAL PROTECTION—TRADITIONAL TEST—CRIMINAL LAW.

The Controlled Substances Act is subject to the traditional test of equal protection, and because a defendant who is attacking the statute's classification of marijuana as one of the controlled substances does not claim that any fundamental right is involved he has the burden of demonstrating that the Legislature's decision to control marijuana and the decision to classify it as they did lacked a reasonable basis (MCL 335.301 *et seq.*; MSA 18.1070[1] *et seq.*).

4. DRUGS AND NARCOTICS—MARIJUANA—LEGISLATIVE CHOICE—ARBITRARY CHOICE.

The choice of the Legislature to regulate marijuana cannot be said to be arbitrary so long as a substantial body of scientific literature continues to conclude that marijuana use is or may be harmful.

5. DRUGS AND NARCOTICS—CONTROLLED SUBSTANCES—LEGISLATIVE CHOICE.

The Legislature may find control of a substance feasible in one circumstance and not in another; it is not necessary that the Legislature act on all perceived evils in an area at one time.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph . T. Barberi,* Prosecuting Attorney (by *Keith D. Roberts,* Assistant Attorney General, Prosecuting Attorneys Appellate Service), for the people.

*Gray & Taylor, P.C.,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. VAN VALKENBURG,* JJ.

T. M. BURNS, J. Defendant was charged in two separate informations with delivery of marijuana,

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

MCL 335.341(1)(c); MSA 18.1070(41)(1)(c), on two specific dates in 1975. He moved to quash each information, claiming the Controlled Substances Act,[1] insofar as related to marijuana, was unconstitutional. The trial court denied the motion, after a hearing, on the basis of this Court's decision in *People v Alexander,* 56 Mich App 400; 223 NW2d 750 (1974). Defendant then entered bargained pleas of guilty to two counts of possession of marijuana, MCL 335.341(4)(d); MSA 18.1070(41)(4)(d), in exchange for dismissal of the delivery counts.

Defendant renews his constitutional attack on the statute in this appeal. The prosecution argues that the issue has not been preserved because defendant pled guilty. We disagree. A plea of guilty does not waive the right to contest whether a statute upon which the prosecution is based is constitutional. *People v Alvin Johnson,* 396 Mich 424, 440, 442; 240 NW2d 729 (1976). We may, therefore, properly consider whether the Legislature's decision to classify marijuana as a controlled substance or the Legislature's decision to place marijuana in Schedule 1 resulted in a deprivation of defendant's rights to equal protection of the law.[2]

The Michigan Controlled Substances Act of 1971 is based on the uniform controlled substance act approved by the National Conference of Commissioners on Uniform State Laws in 1970. See generally, 9 ULA, Matrimonial, Family & Health Laws, 145. The uniform act in turn relied largely upon

---

[1] MCL 335.301 *et seq.;* MSA 18.1070(1) *et seq.*

[2] US Const, Am XIV, § 1: "No state shall * * * deny to any person within its jurisdiction the equal protection of the laws."

Const 1963, art 1, § 2 provides: "No person shall be denied the equal protection of the laws * * * ."

the Federal Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 USCA 801, *et seq.*

The uniform act has been adopted, with some alterations, by 43 states, Puerto Rico and the Virgin Islands. 9 ULA, 1974–1977 Supplementary Pamphlet, 47. The act creates five schedules of substances which are considered harmful or have a potential for causing harm, lays out the criteria for adding substances to the schedules or changing the classification of a substance currently in a schedule, creates a regulatory scheme to prevent illicit drug diversion from the proper channels of commerce and provides penalties for violation of the act.

Defendant, by his motion to quash and this appeal, challenges the classification scheme of the act as it relates to marijuana.

Much of defendant's brief is devoted to the lack of administrative action in classifying marijuana as a Schedule 1 substance, MCL 335.314(c); MSA 18.1070(14)(c), and the lack of administrative review to determine whether marijuana should remain in Schedule 1. We perceive this challenge to be misdirected. Marijuana was placed in Schedule 1 by the Legislature when it adopted the act. 1971 PA 196. We, therefore, are not reviewing administrative action, but legislative action. If the scheduling of marijuana denied equal protection, it is because of legislative action. We review defendant's claim from that perspective.

As noted above, defendant bases his challenge to the legislative decision to place marijuana in Schedule 1 and the decision to control marijuana at all on the equal protection clause. In *People v Alexander, supra,* a different panel faced the same challenge to the same legislative classification. Relying primarily on *United States v Kiffer,* 477 F2d 349 (CA2, 1973), the Court applied the tradi-

tional equal protection test[3] and concluded that the legislation was not a violation of this constitutional guarantee. Defendant asks that we reexamine that decision in light of subsequent legal and scientific developments.

Defendant contends that the applicable equal protection standard should not be the "traditional" equal protection review used by the *Alexander* panel, but the "substantial-relation-to-the-object" test used by Justice LEVIN in *Manistee Bank & Trust Co v McGowan,* 394 Mich 655; 232 NW2d 636 (1975).[4] Application of the *Manistee Bank* equal protection test is dependent on two factors: the legislation must carve out a discrete exception to a general rule (such as requiring a showing of gross negligence by a guest passenger to recover for loss or injury from his host, while all others recover on a showing of mere negligence) and the legislation must have remained in force for a sufficiently long time so that it may no longer be considered experimental. 394 Mich at 671.

We do not find defendant's arguments on these points persuasive. The legislative decision to place controls on marijuana, from among the galaxy of substances, does not compare with the legislative decision to single out guest passengers for special treatment in recovering for a loss resulting from an automobile accident.

---

[3] The traditional equal protection test is a two tiered approach with the level of judicial scrutiny depending on the interest involved. The legislative classification is subject to strict scrutiny if the right asserted is classified by the court as fundamental. Defendant admits he has no fundamental right to possess marijuana. If the right is not fundamental, the legislation is presumed valid and overturned only if the classification is not reasonably or rationally related to the object of the legislation. *See, People v Alexander,* 56 Mich App at 403, *Forest v Parmalee,* 402 Mich 348, 356; 262 NW2d 653 (1978).

[4] *Manistee Bank* was a three-to-two decision with two justices not participating. Such a decision is binding on this Court until overruled or modified. *Negri v Slotkin,* 397 Mich 105; 244 NW2d 98 (1976).

We conclude that the traditional equal protection test must be applied. Since defendant does not claim that any fundamental right is involved, the burden is on defendant (the person attacking the classification) to demonstrate that the legislative decision to control marijuana and the legislative decision to place it in Schedule 1 lacked a reasonable basis, *i.e.*, that the decision was essentially arbitrary. *Forest v Parmalee,* 402 Mich 348, 356–357; 262 NW2d 653 (1978).

Defendant presented testimony of experts below and has asked that we take judicial notice of other scientific data which he claims demonstrates that marijuana is a relatively harmless substance and, therefore, that the Legislature acted arbitrarily in controlling the substance and in placing it in Schedule 1.

The testimony in this case below would not be sufficient to declare the statute unconstitutional. Defendant's witnesses recognized the split in medical opinion and expressed the belief that much is still to be learned in this area. Divided scientific opinion is not a firm enough basis upon which to declare a statute unconstitutional.

Assuming that this Court could be expected to cull the scientific journals and other material on its own, the result contended by defendant would not be compelled from that search. Other courts examining this question have concluded that at this point in time there is no uniform scientific opinion and, therefore, the respective legislative bodies did not act arbitrarily in deciding to control marijuana.[5] See, *e.g., State v Mitchell,* 563 SW2d

---

[5] This list of authorities is not intended to be exhaustive. The list is in addition to those cases cited in *People v Alexander, supra,* 56 Mich App at 402, n 1. No case from a court of last resort was found declaring a statute unconstitutional on equal protection grounds.

*Ravin v State,* 537 P2d 494 (Alas, 1975), rejected the defendant's

18 (Mo, 1978), *Marcoux v Attorney General,* — Mass —; 375 NE2d 688 (1978), *State v Murphy,* 117 Ariz 57; 570 P2d 1070 (1977), *State v Infante,* 199 Neb 601; 260 NW2d 323 (1977), *Ross v State,* — Ind App —; 360 NE2d 1015 (1977), *State v Rao,* 171 Conn 600; 370 A2d 1310 (1976) (reversing a lower court determination of unconstitutionality), *State v Leins,* 234 NW2d 645 (Iowa 1975), *Ravin v State,* 537 P2d 494 (Alas, 1975), *Blincoe v State,* 231 Ga 886; 204 SE2d 597 (1974), *State v Donovan,* 344 A2d 401 (Me, 1975), *State v O'Bryan,* 96 Idaho 548; 531 P2d 1193 (1975), *Kreisher v State,* 303 A2d 651 (Del, 1973), *Gaskin v State,* 490 SW2d 521 (Tenn, 1973), *People v Demers,* 42 App Div 2d 634; 345 NYS2d 184 (1973), *State v Kaplan,* 23 NC App 410; 209 SE2d 325 (1974), *State v Tabory,* 260 SC 355; 196 SE2d 111 (1973).

We do not necessarily agree with statements, such as appear in *Brantley v State,* 548 P2d 675 (Okla Crim App, 1976), that the evidence compels the conclusion that marijuana use is detrimental to public health and safety, or the South Carolina assessment that the issue is obviously without merit. *State v Tabory, supra.* Indeed, we agree with the statement that the Legislature could not regulate a harmless drug, *Blincoe v State, supra,* but, in light of present day medical and scientific knowledge there is room for doubt. As the court said in *State v Mitchell, supra,* it is a "debatable medical issue". Under the circumstances the choice of whether marijuana will be subject to

equal protection challenge but declared that the Alaska statute was unconstitutional insofar as it prohibited possession of marijuana in a private residence on the basis of a specific state constitutional provision relating to the right of privacy. Similar statements appear in opinions of our courts. *See, People v Sinclair,* 387 Mich 91, 133–134; 194 NW2d 878 (1972), (Opinion of T. G. KAVANAGH, J.).

Defendant has made no challenge to the statute on the basis of a right to privacy in this case.

regulation is still one for the Legislature, not the Court. As long as a substantial body of scientific literature continues to conclude that marijuana use is or may be harmful, we cannot say that the Legislature's choice to rely on that evidence is arbitrary.

Nor does the fact that the Legislature has failed to control other substances, such as tobacco, alcohol, or caffeine, require that we find an equal protection violation. The Legislature, because of the role a particular substance plays either economically or socially, could find control feasible in one circumstance and not in another. It is not necessary that the Legislature act on all perceived evils in an area at one time. *State v Mitchell, supra, State v Leins, supra, State v Kantner,* 53 Hawaii 327; 493 P2d 306 (1972), *Commonwealth v Leis,* 355 Mass 189; 243 NE2d 898 (1969).

In determining whether the legislative decision to classify and control some substances while not taking a like action as to others was arbitrary, we must also recognize that significant political roadblocks exist which preclude regulating some substances which are known to be dangerous. *Ravin v State, supra.*

In summary, we find that the state of present day medical and scientific knowledge does not allow us to find the Legislature's decision to regulate marijuana to have been, or to be, essentially arbitrary. Scientific research in the area is ongoing. Many of the former "truths" about marijuana have been shown to be myths. But not all questions as to the safety of this substance have been answered. Nor will they be answered in the courts. New scientific findings which become generally accepted in the appropriate field may require a

different result.[6] The day may come when we are able to join defendant in his conclusion that the state has no right to regulate marijuana. That day has not yet come.

We are definitely not saying the Legislature must continue the present classification. To the contrary, we would continue to urge the Legislature to reevaluate the entire marijuana "problem". See, *Joslin v 14th District Judge,* 76 Mich App 90, 100; 255 NW2d 782 (1977) (T. M. BURNS, concurring), *lv den,* 402 Mich 833 (1977). A proper respect for the legislative function requires that the statute be found constitutional even if we may personally question the wisdom of continuing criminal sanctions for its use or possession. The Legislature is better equipped to make the findings and decisions in this area. We are allowed to intervene only if that body's decision conflicts with the constitution. In this case it does not.

Affirmed.

---

[6] The Massachusetts Supreme Court recently reexamined the present question in *Marcoux v Attorney General, supra.* That court stated that the statute would be unconstitutional if the doubts about the safety of marijuana were resolved on the side of safety "beyond reasonable scientific dispute". — Mass at —; 375 NE2d at 689.

We need not decide what quantum of scientific evidence would persuade us to declare the statute unconstitutional. While we might consider the Massachusetts standard too severe, a court should expect that at least a substantial body of credible scientific evidence be presented on the question. Examining the present record and the authorities mentioned in the cases cited above shows what we perceive to be a genuine lack of information on several critical points. Until long term studies are completed and more is known about the precise effect of marijuana on certain types of persons, that substantial body of authority will not be available.