364 So.2d 906 (1978)
STATE of Louisiana
v.
Mark A. CHRISMAN.
No. 62260.
Supreme Court of Louisiana.
November 2, 1978.
Rehearing Denied December 14, 1978.
*907 John Ford McWilliams, Jr., Arthur E. Rollo, Bossier City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Ronald R. Inderbitzin, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
Defendant Mark A. Chrisman was charged by bill of information with "possession of marijuana  second offense" in violation of La.R.S. 40:966. On January 31, 1978, the defendant appeared in court with counsel, withdrew his previous plea of not guilty and, reserving his right to appeal from the trial court's ruling denying his motions to quash and to suppress,[1] entered a plea of guilty as charged. At that time, the state and defense stipulated for the record that "if the defendant was called he would state under oath that all the marijuana was possessed by him for his own personal use." Subsequently, the trial court sentenced the defendant to serve a period of six (6) months in the parish jail. Defendant now appeals to this Court.
Defendant's primary contention both before the trial court and on appeal is that La.R.S. 40:966 is unconstitutional when applied to the possession of marijuana by an adult for personal consumption in the privacy of his home. In support of this contention, defendant relies on decisions by the United States Supreme Court recognizing that a right to privacy, or a guarantee of certain areas or zones of privacy, does exist under the United States Constitution, see e. g. Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969); Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), and on Article 1, Section 5 of the Louisiana Constitution of 1974, which provides, in pertinent part, that "[e]very person shall be secure in his person, property, communications, houses, papers and effects against unreasonable searches, seizures, or invasions of privacy." (emphasis added)
While we recognize the importance of an individual's right to privacy, particularly in the sanctity of his own home, at the present time we are unable to conclude that constitutionally protected privacy interests are violated by a statutory scheme making the possession of marijuana in one's own home a criminal offense. Possession of marijuana is not a personal right which can be deemed "fundamental" or "implicit in the concept of ordered liberty" such that it is included within a constitutional zone of privacy. See Roe v. Wade, supra. Thus bearing in mind the basic presumption that legislative enactments are constitutional, see State v. Skinner, 358 So.2d 280 (La.1978); State v. Everfield, 342 So.2d 648 (La.1977), and considering the extant conflicts in the scientific community as to the effects of marijuana use, as illustrated by the testimony of the two expert witnesses in this case, we cannot say that the legislature had no rational or reasonable basis for proscribing the substance to protect the public health, safety and welfare.
*908 Although not controlling our decision in this case, we do note that the overwhelming majority of jurisdictions which have considered the right to privacy and the possession or use of marijuana are in accord. See, e. g., NORML v. Guste, 380 F.Supp. 404 (E.D.La.1974), aff'd 511 F.2d 1400 (5th Cir.), cert. denied 423 U.S. 867, 96 S.Ct. 129, 46 L.Ed.2d 96 (1975); State v. Murphy, 117 Ariz. 57, 570 P.2d 1070 (1977); Kreisher v. State, 319 A.2d 31 (Del.1974); Laird v. State, 342 So.2d 962 (Fla.1977); State v. Baker, 56 Haw. 271, 535 P.2d 1394 (1975); State v. Kincaid, 98 Idaho 440, 566 P.2d 763 (1977); Marcoux v. Attorney General, 375 N.E.2d 688 (Mass.1968); People v. Alexander, 56 Mich.App. 400, 223 N.W.2d 750 (1974); State v. Hells, 199 Neb. 374, 259 N.W.2d 19 (1977); Cavaness v. State, 581 P.2d 475 (Okl.Cr.App.1978); State v. Anderson, 16 Wash.App. 553, 558 P.2d 307 (1976). Contra, Ravin v. State, 537 P.2d 494 (Alaska 1975).
In addition to his right to privacy argument, defendant has also assigned as error the trial court's ruling that the penalty provisions of La.R.S. 40:966(D) are not unconstitutionally excessive and several rulings as to the admissibility of evidence. We have reviewed these contentions and find them to be without merit.
Accordingly, defendant's conviction and sentence are affirmed.
NOTES
[1] While a plea of guilty generally waives all non-jurisdictional defects in the pre-plea proceedings, this Court has held that a defendant may condition his plea, subject to acceptance by the trial court, upon the reservation for appellate review of specified pre-plea errors. State v. Aguillard, 357 So.2d 535 (La.1978); State v. Crosby, 338 So.2d 584 (La. 1976).