## PUFFPAFF v HULL

Docket No. 96894. Submitted November 17, 1987, at Detroit. Decided July 5, 1988. Leave to appeal applied for.

Jessica Lynn Puffpaff, a minor, by her next friend, John P. McLoughlin, brought an action in Gratiot Circuit Court against Carrie Lou Hall, Douglas Puffpaff and Garold Hibner. Plaintiff, who at the conclusion of divorce proceedings involving Carrie Lou Hall and Douglas Puffpaff had been declared a child of that marriage, sought a determination that defendant Hibner was her father. The trial court, Timothy M. Green, J., dismissed the action, ruling that plaintiff lacked standing to bring an action under the provisions of the Paternity Act. Plaintiff appealed.

The Court of Appeals *held:*

1. The Paternity Act expressly provides that an action under the act may only be brought by a child's mother, father, or the Department of Social Services. A legitimate child therefore lacks standing to bring an action under the Paternity Act.

2. Allowing an illegitimate, minor child to bring an action under the circuit court's jurisdiction in equity instead of the Paternity Act as this Court did in *Spada v Pauley,* 149 Mich App 196 (1986), while prohibiting a legitimate, minor child from bringing a similar action does not violate the equal protection clause of either the federal or state constitution.

3. The failure of the Legislature to provide a right for legitimate children to bring paternity actions in their own name is rationally related to the permissible state interests of preventing fraudulent actions and protecting legitimate family units.

Affirmed

1. CHILDREN BORN OUT OF WEDLOCK — PATERNITY ACT — PARTIES.

The only parties who may bring an action pursuant to the Paternity Act are a child's mother or father, or the Department

REFERENCES

Am Jur 2d, Bastards §§ 74 *et seq.*

Who may dispute presumption of legitimacy of child conceived or born during wedlock. 90 ALR3d 1032.

of Social Services; a legitimate minor child may not bring an action under the act to determine his parentage and the parent's obligation of support (MCL 722.714[1]; MSA 25.494[1]).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — PATERNITY ACTIONS.

Allowing illegitimate, minor children the right to bring paternity suits and support actions in their own name under the circuit court's jurisdiction in equity while prohibiting legitimate, minor children from bringing similar actions does not violate the equal protection clause of either the federal or state constitution.

*Richard D. Gay,* for plaintiff.

*McDonald & Gustafson* (by *William J. Gustafson*), for defendant Douglas Puffpaff.

Before: MACKENZIE, P.J., and DOCTOROFF and P. J. CLULO,* JJ.

P. J. CLULO, J. Plaintiff appeals as of right a November 7, 1986, order of the Gratiot Circuit Court dismissing her paternity action brought under the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.,* on the basis of lack of standing to sue. One issue is raised on appeal: Whether the plaintiff, a legitimate, minor child, has standing to bring an action to have her parentage determined.

Plaintiff was born on October 18, 1982, to Carrie Lou (Puffpaff) Hull who at the time was married to Douglas Puffpaff. The Puffpaff's were divorced on December 10, 1984, at which time the plaintiff was declared to be a child of the marriage. On August 26, 1986, the plaintiff filed the present action in which she sought a judicial determination that defendant Douglas Puffpaff is not her father and that defendant Garold Hibner is. The complaint was accompanied by an affidavit by defendant Hull in which she states her belief that defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Hibner is the plaintiff's father. On October 27, 1986, a hearing was held in Gratiot Circuit Court at the close of which the judge determined that the plaintiff lacked standing to sue and dismissed the lawsuit. We affirm the lower court.

The Paternity Act provides: "A proceeding in accordance with this act shall be brought by the mother, the father, or the department of social services as provided in this act." MCL 722.714(1); MSA 25.494(1). Under this section a legitimate or illegitimate child has no standing to bring a suit to determine paternity. See *McFetridge v Chiado,* 116 Mich App 528; 323 NW2d 470 (1982). The plaintiff in this case attempts to get over this hurdle and create standing by relying on the case of *Spada v Pauley,* 149 Mich App 196; 385 NW2d 746 (1986). That case involved a minor, illegitimate child who brought a suit for a determination of parentage as well as defendant parents' duty of support. The Court held that it was a denial of the equal protection clause of both the United States Constitution and the Michigan Constitution to deny illegitimate children the right to bring paternity suits and support actions in their own names and that such suits should be allowed under the circuit court's equity jurisdiction.

In reaching this conclusion, the Court looked at the Paternity Act as well as MCL 722.1; MSA 25.244(1) and MCL 722.3; MSA 25.244(3) and concluded that, taken together, the statutory scheme presented a situation where a legitimate child has a right to bring an action against his or her father to enforce the father's support obligations but denies an illegitimate child the same right to enforce child support obligations against its father. After making its equal protection analysis, the Court found that the legislative scheme was not substantially related to a permissible state interest

and that it denied the plaintiff equal protection rights guaranteed by the Michigan and United States Constitutions. *Spada, supra,* pp 203-205. The Court then invoked its equity jurisdiction and afforded illegitimate children a cause of action to determine parentage and child support obligations. *Spada, supra,* p 200.

The plaintiff in this case argues that *Spada* should be expanded to cover the fact situation in the present case and allow a legitimate minor to bring a paternity action to have parentage determined. We do not agree. The *Spada* case dealt specifically with illegitimate children and the Court's holding in that case cannot be extended to allow a legitimate child to bring a paternity action, unless a denial of equal protection to legitimate children can be demonstrated. In reaching its conclusion, the *Spada* Court found that classifications based on illegitimacy are suspect and invalid under the equal protection clause of the Fourteenth Amendment unless they are substantially related to a permissible state interest. *Pickett v Brown,* 462 US 1; 103 S Ct 2199; 76 L Ed 2d 372 (1983).

No case has been found which finds the classification of legitimacy suspect. Therefore, the equal protection analysis will be done under the rational basis test.

> If the statute affects a fundamental interest or makes an inherently suspect classification, a strict scrutiny test is appropriate and the statute will not be upheld unless the classification is justified by a compelling state interest. Absent a fundamental interest or suspect classification, the alternative test places the burden on the party challenging the statute to show that the classification is arbitrary and not reasonably or rationally related to the object of the legislation. [*People v Perkins,*

107 Mich App 440, 443; 309 NW2d 634 (1981), citing *McAvoy v H B Sherman Co*, 401 Mich 419, 452-454; 258 NW2d 414 (1977); *People v Schmidt*, 86 Mich App 574, 578; 272 NW2d 732 (1978).]

The failure of the Legislature to provide a right for legitimate children to bring paternity actions in their own names is substantially related to several permissible state interests. The prevention of fraudulent actions and the protection of legitimate family units are both rational reasons for the Legislature's enacting the Paternity Act and excluding legitimate children as potential plaintiffs. Since the legislative scheme is not arbitrary and is reasonably related to the object of the legislation, there is no violation of equal protection rights, and the legislative scheme which fails to provide legitimate children the right to bring paternity actions must be upheld. In addition, our decision is not in conflict nor is it inconsistent with *Spada, supra.* The Court's decision there acknowledged the right of an illegitimate child to bring a paternity action in equity because that was the only forum the child had to procure support from its father, a right not denied a legitimate child.

We agree with the lower court that plaintiff lacks standing.

Affirmed.